UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00123-TBR-LLK

**AMOS WARREN LAMB**                                                                                    **PLAINTIFF**

**v.**

**DAVID BAILEY and**                                                                                    **DEFENDANTS**
**CALLOWAY COUNTY SHERIFF'S OFFICE**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the pro-se Plaintiff's motion to compel responses to interrogatories and production of documents, to which Defendants have responded in opposition. Dockets 13 and 16. The Court referred this case to the undersigned Magistrate Judge for ruling on all discovery motions (Docket 8), and the motion to compel is ripe for determination.

For the reasons stated below, the motion to compel will be DENIED.

**Background facts and procedural history**

This is a civil rights action pursuant to 42 U.S.C. 1983 against Murray Police Officer David Bailey and the Calloway County Sheriff's Office.

The Court construes the pro-se complaint as alleging[1] that, on or about August 15, 2015, Defendant Bailey, without probable cause, conducted a stop, arrested Plaintiff, and transported him to the Calloway County Detention Center in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.[2]

---

[1] The complaint's allegations are: "ON OR ABOUT 08-15-2015 this Plaintiff was arrested on false felony charges among other charges, & brought to the Calloway county Detention facility, Because of an unlawful stop by the Defendant Deputy Bailey. SEE Exhibit A (All charges were dismiss as of 09-30-2015.) see Exhibit C." Docket 1, p. 2.
[2] Beyond this bare-bones interpretation, it is difficult to tell the precise nature and context (in relation to the prior action) of Plaintiff's claims. See Lamb v. Hazel, 5:12-CV-00070-TBR-LLK.

1

**Discussion**

The parties dispute whether Plaintiff is entitled to discovery of the following:

Plaintiff's Interrogatory No. 1:  Defendant Bailey's Social Security Number and date of birth.

Plaintiff's Interrogatory No. 10:  Whether Bailey has ever had a mental evaluation and, if so, details of the outcome.

Plaintiff's Request for Production No. 2:  Produce Bailey's mental evaluation records.
(Docket 13-1).

Federal Rules of Civil Procedure (Fed.R.Civ.P.) 26(b)(1) allows "discovery regarding any non-privileged matter that is relevant to any party's claim or defenses," or for good cause, "discovery of any matter relevant to the subject matter involved in the action."

**Interrogatory No. 1**

Bailey's Social Security Number and birthdate are not relevant to any claim or defense in this case, and they are not relevant to the subject matter of this case, i.e., Plaintiff's stop, arrest, and transport to the Calloway County Detention Center.

Alternatively, even if Bailey's Social Security Number and birthdate would somehow help Plaintiff establish his claims, the requested discovery is oppressive in light of the sensitive nature of this private identifying information.  See Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir.2007) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive"); Jackson v. Papa John's USA, Inc., 2009 WL 1011105 (Social Security numbers are "of a highly personal and confidential nature [and harm] can flow from disclosures"); Tech v. United States, 284 F.R.D. 192 (M.D.Penn.2012) (collecting authorities for the proposition that "[f]ederal courts have been reluctant to require production of social security numbers given the sensitive nature of this private identifying information").

**Interrogatory No. 10 and Request for Production No. 2**

Bailey's mental-health records, if any, are privileged,[3] not relevant to any claim or defense in this case, and not relevant to the subject matter of this case, i.e., Plaintiff's stop, arrest, and transport to the Calloway County Detention Center. In evaluating a Fourth-Amendment unconstitutional detention and arrest claim, the touchstone of the analysis is whether there was probable cause for the detention and arrest. This, in turn, depends on the surrounding objective facts and circumstances. The subjective intent of the arresting officer is irrelevant. Whren v. United States, 517 U.S. 806, 813 (1996).

**Order**

Therefore, Plaintiff's motion to compel (Docket 13) is hereby DENIED.

Lanny King, Magistrate Judge
United States District Court

February 10, 2017

cc: pro se Plaintiff

---

[3] This is not a case in which a plaintiff has arguably waived privilege regarding his mental-health records by virtue of his voluntarily suing a defendant and alleging mental damages. Compare Simon v. Cook, 261 Fed.Appx. 873 (6th Cir.2008) ("[A] plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue").