# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:16-CV-00123-TBR-LLK

AMOS LAMB,                                                                      Plaintiff,

v.

DAVID BAILEY, *et al.*,                                                         Defendants.

## MEMORANDUM OPINION

Proceeding *pro se*, Amos Lamb filed this 42 U.S.C. § 1983 action against Deputy Sheriff David Bailey and the Calloway County Sheriff's Department. Lamb alleges that, contrary to his Fourth (and Fourteenth) Amendment rights, Deputy Bailey stopped his vehicle and arrested him without cause. With discovery closed, each side moves for summary judgment. For the following reasons, Lamb's Motion for Summary Judgment, [R. 25], is **DENIED**, and Deputy Bailey and the Department's Motion for Summary Judgment, [R. 35], is **GRANTED**.

### I.

### A.

On August 15, 2015, Deputy Sheriff David Bailey of the Calloway County Sheriff's Department saw a white Chevrolet van travelling southbound on Highway 121 in New Concord, Kentucky. [R. 34-1 at 1, ¶¶ 1–3 (Bailey's Affidavit).] He pulled behind the van and attempted to run its license plate, but a trailer hitch (or a makeshift bumper) obstructed his view. [*Id.*, ¶ 4.] Unable to make out the vehicle's license plate, he initiated a traffic stop. [*Id.*]

Deputy Bailey approached the driver, whom he later identified as Amos Lamb, and asked for his license and registration. [*Id.*, ¶ 5.] Lamb was unable to produce a valid

1

driver's license, and so Deputy Bailey returned to his vehicle and called dispatch to run the van's tags. [*Id.*] When dispatch advised that the plate was registered to a different vehicle, Deputy Bailey arrested Lamb. [*Id.*, ¶¶ 5–7.] He charged Lamb with, *inter alia*, failure of a non-owner operator to maintain required insurance, to produce an insurance card, to produce an operator's license, to maintain valid registration, and to display valid registration plates. [R. 34-2 at 1–2 (Uniform Citation No. CA14763).]

Lamb appeared before Calloway County District Court Judge Randall Hutchens on August 16, 2015. [R. 35-10 at 1 (Conditions of Release and Judicial Decision).] Originally, his bond was set at $2,500 cash. [*Id.*] The following day, Lamb was arraigned and his bond was amended to $2,500 cash or surety. [R. 35-11 at 1 (Order of Arraignment).] Lamb's sister posted bond that morning. [R. 35-12 at 1 (Acknowledgement of Scheduled Court Appearance).] A preliminary hearing was scheduled for September 30. [R. 35-13 at 1 (Order from Preliminary Hearing).]

Prior to the preliminary hearing, Lamb filed a motion to suppress all evidence gathered as result of the traffic stop. [R. 35-4 at 1–2 (Motion to Suppress).] Perhaps more importantly, he produced a valid driver's license and proof of registration to the Calloway County Attorney before the preliminary hearing too. [R. 31 (DVD of Preliminary Hearing).] In light of that development, the County Attorney moved to dismiss the charges against Lamb without prejudice. [*Id.*] Judge Hutchens granted that request without passing on Lamb's motion to suppress. [R. 35-17 at 1 (Order of September 30, 2015).]

**B.**

Roughly one year later, Lamb sued Deputy Bailey and the Calloway County Sheriff's Department under 42 U.S.C. § 1983, alleging that Deputy Bailey's "unlawful stop" and "false arrest" violated his Sixth, Eighth, and Fourteenth Amendment rights. [R. 1 at 1–2 (Complaint).] Shortly after, he sought leave to amend his complaint to add a Fourth Amendment claim too. [R. 11 at 1 (Motion for Leave).] The Court granted that request, but Lamb failed to file an amended complaint. [R. 12 (Order of December 28, 2016).] Nonetheless, Lamb's subsequent filings evince an intent to replace the Sixth and Eighth Amendment claims in the original complaint with a Fourth Amendment claim instead. [*See* R. 33 at 123 (Lamb's Deposition); R. 35-3 at 16, ¶¶ 13–14 (Responses to Interrogatories).] Therefore, in the interest of justice, the Court will construe Lamb's complaint as alleging wrongful-stop and wrongful-arrest claims rooted in the Fourth Amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). With discovery now closed, both parties move for summary judgment.[1] [R. 25 (Lamb's Motion for Summary Judgment); R. 35 (Defendants' Motion for Summary Judgment).]

**II.**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v.*

---

[1] Before turning to the merits, the Court must first resolve a procedural issue. Amos Lamb takes issue with the admissibility of testimony from Chief Michael D. Bosse, whom Deputy Sheriff David Bailey and the Calloway County Sheriff's Department designed as an expert witness. [R. 26 (Objection to Chief Bosse's Testimony).] However, there is no need to rely on Chief Bosse's testimony. Therefore, the Court denies Lamb's objection as moot.

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)).  "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

### III.

Both parties ask for summary judgment on competing grounds.  On the one hand, Lamb argues that the decision to dismiss the charges against him without prejudice conclusive establishes the absence of probable cause for his arrest.  [R. 25 at 2; R. 38 at 1 (Reply in Support of Lamb's Motion for Summary Judgment).]  Deputy Bailey and the Department stress, on the other hand, that probable cause supported the traffic stop and arrest, and so Lamb's claim must fail as a matter of law.  [R. 35-1 at 12–15 (Memorandum in Support of Defendants' Motion for Summary Judgment).]  Even viewing the record in the light most favorable to Lamb, the Court agrees with Deputy Bailey and the Department.

### A.

To the first point, Lamb suggests that the dismissal of the charges against him without prejudice resolves the issue of probable cause in his favor.  [R. 25 at 2.]  The preclusive effect of a state court's judgment turns on the law of that state.  *Bradley v. Reno*, 749 F.3d 553, 556 (6th Cir. 2014) (citing 28 U.S.C. § 1738).  Here, Kentucky law

is clear: The dismissal of criminal charges without prejudice does "not act as an adjudication upon the merits," and so "*res judicata* issues are inapposite." *Keeling v. Commonwealth*, 381 S.W.3d 248, 259 (Ky. 2012); *cf. United States v. Pi*, 174 F.3d 745, 748–49 (6th Cir. 1999). Lamb's argument to the contrary is of no moment.

**B.**

Turning to the merits of Lamb's § 1983 claim, Deputy Bailey insists that probable cause justified the traffic stop and resulting arrest. [R. 35-1 at 12–15.] If probable cause supported the detention, then Deputy Bailey did not violate Lamb's constitutional rights, and the Department has no liability either. The Court agrees with that assessment.

Section 1983 creates a private right of action "against officials who, under the color of state law, deprive individuals of their constitutional rights." *Brown v. Chapman*, 814 F.3d 447, 457 (6th Cir. 2016) (citing 42 U.S.C. § 1983). A person who has been the victim of "an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens" to unreasonable searches and seizures. *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (citing U.S. Const. amend. IV; *Gardenhire v. Schubert*, 205 F.3d 303, 312–13 (6th Cir. 2000)).

To briefly detain a person for investigative purposes, a law enforcement officer need only have "reasonable suspicion that the suspect either has been or is about to be involved in some criminal activity." *Mitchell v. Boelcke*, 440 F.3d 300, 303 (6th Cir. 2006) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such suspicion exists when "the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Id.* at 303–04 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

"[A] warrantless arrest," in contrast, must be based on "probable cause" that "a criminal offense has been or is being committed." *Burley v. Gagacki*, 834 F.3d 606, 613 (6th Cir. 2016) (alteration in original) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Newman v. Twp. of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014) (quoting *Henry v. United States*, 361 U.S. 98, 102 (1959)). Therefore, in order to prevail on his Fourth Amendment claim under § 1983, Lamb must prove that Deputy Bailey lacked either "reasonable suspicion" to initiate a traffic stop, or "probable cause" to effectuate an arrest. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010).

In this case, Deputy Bailey had reasonable suspicion to stop Lamb's vehicle. *See United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) (holding that "standard of reasonable suspicion" applies because the "failure to keep a license plate 'clearly legible' is an ongoing violation"). Kentucky law requires an owner to "display [a] registration plate *conspicuously* upon the rear of the motor vehicle," to keep plates "*legible* at all times," and to in no way "*obscure* or cover any lettering or decal on the plate." Ky. Rev. Stat. § 186.170(1) (emphasis added). Due to the presence of a trailer hitch (or a makeshift bumper) on Lamb's vehicle, Deputy Bailey was unable to make out the license plate. [R. 34-1 at 1, ¶ 4; *see also* R. 38-1 at 4 (Photograph).] A license plate is not clearly visible in those circumstances. *See, e.g.*, *United States v. Rubio-Sanchez*, No. 05-40081-01SAC, 2006 WL 1007252, at *5 (D. Kan. Apr. 17, 2006) (holding license plate to be illegible "if obscured by a ball hitch" and collecting similar cases). Therefore, Deputy Bailey had reasonable suspicion to effectuate the traffic stop.

For much the same reason, Deputy Bailey had probable cause to arrest Lamb too. When Deputy Bailey approached the vehicle, Lamb was unable to produce a valid driver's license. [R. 34-1 at 1, ¶ 5.] Kentucky law requires the operator of a motor vehicle to maintain and carry a valid driver's license, Ky. Rev. Stat. § 186.620(2), and the failure to do so is a Class B misdemeanor, *id.* § 186.990(3). An officer may arrest a person for committing a misdemeanor in his presence. Ky. Rev. Stat. § 431.005(1)(d). In those circumstances, Deputy Bailey had probable cause to suspect that Lamb had committed any number of offenses, including (at least) driving without a valid license. Accordingly, Lamb's arrest was lawful.

## C.

To the extent that Lamb attempts to impose municipal or supervisory liability on the Department, that effort comes up short as well.[2] In order to state such a claim, there must be some "underlying violation of the § 1983 claimant's constitutional rights." *S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trs.*, 771 F.3d 956, 963 (6th Cir. 2014) (citing *Weeks v. Portage Cty. Exec. Offices*, 235 F.3d 275, 279 (6th Cir. 2000)). The Court has concluded, however, that Deputy Bailey did not violate Lamb's constitutional rights. Therefore, no claim against the Department will lie.

## IV.

Amos Lamb's Motion for Summary Judgment, [R. 25], is **DENIED**. Deputy Sheriff David Bailey and the Calloway County Sheriff's Department's Motion for Summary Judgment, [R. 35], is **GRANTED**. Deputy Sheriff David Bailey and the

---

[2] The Department points out, correctly, that it is not an entity subject to suit; instead, Calloway County is the proper party to address this portion of Lamb's complaint. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990); Ky. Rev. Stat. Ann. § 95.010(e) (West 1989)). Therefore, the Court proceeds on the assumption that Lamb's complaint meant to name the County—not the Department—as a defendant.

Calloway County Sheriff's Department's Motion for an Extension of Time, [R. 28], is **DENIED AS MOOT**.

An appropriate order will issue separate from this Memorandum Opinion.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record
 Plaintiff, *pro se*